IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA HYMAN,<br>      Plaintiff,<br>vs.<br><br>CAPITAL ONE AUTO FINANCE,<br>COMMONWEALTH RECOVERY GROUP, INC.,<br>PENNSYLVANIA STATE POLICE,<br>COL. TYREE C. BLOCKER,<br>MICHAEL MORRIS,<br>BRYAN DEVLIN,<br>JOHN DOE TROOPERS 1-10,<br>      Defendants. | CIVIL ACTION<br><br>NO. 3:17-cv-00089 (KRG) |

## AMENDED COMPLAINT

### I. INTRODUCTION

1. This is an action involving a wrongful self-help repossession of a car by use of intimidation, supported by threats of arrest by armed law enforcement. A secured party may only use the remedy of self-help repossession of collateral after default if it does so without breaching the peace. Under settled Third Circuit decisions, a uniformed police officer may not assist a private party's civil repossession absent an order issued by a court. To do otherwise constitutes a breach of the peace.

2. The defendant bank and its repo man breached the peace in repossessing Plaintiff Angela Hyman's car – by trespassing on her property, by refusing to leave upon being instructed to do so, and by summoning law enforcement to assist. These actions violate the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. and Pennsylvania's Commercial Code, 13 Pa. C.S. §9601, et seq., and other laws.

3. The repo man called the Pennsylvania State Police. But, upon arriving on the scene, rather than instruct the repo man to abandon the repo attempt and pursue a civil action if

1

required, the state police unlawfully assisted the private seizure of Plaintiff's personal property. Video from the scene shows the state police trooper threatening to break the car window and physically extract the plaintiff's partner, who would then "be arrested for disorderly conduct and the car is still going to get taken."

4. The state police had no legal authority whatever to take sides in this private civil dispute nor to demand that plaintiff surrender her vehicle. The agency's actions in this case constitute a violation of Plaintiff's clearly established civil rights, unlawfully assisting and facilitating under color of state authority the taking of Plaintiff's personal property without due process of law. 42 U.S.C. § 1983.

5. This case exemplifies a custom of the Pennsylvania State Police unlawfully taking the side of the secured party in private civil repossessions effected without a court order. While our police are expected to keep the peace, they may not sit judgment in their own "curbside courtroom" and aid a bank to effect a non-judicial, self-help repossession.

6. Plaintiff seeks actual damages for the illegal taking and for distress suffered as a result of defendants' actions. She also seeks prospective injunctive relief directing the Pennsylvania State Police to establish and implement policies or procedures for its troopers to refrain from assisting lenders' repossession agents to seize personal property over a private civil dispute unless the secured party has obtained a court order or comparable writ.

## II. JURISDICTION

7. This Court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d), the Civil Rights Act, 42 U.S.C. § 1983 and 1988, and 28 U.S.C. §§ 1331, 1337.

8. The Court has supplemental jurisdiction over the state law claims arising out of

2

the same nucleus of operative facts which give rise to the federal law claims. 28 U.S.C. § 1367.

9. Venue is proper in the Western District of Pennsylvania, as the operative events took place in Cambria County within this district.

## III. PARTIES

10. Plaintiff Angela Hyman ("Plaintiff" or "Hyman") is a consumer who resides in Nanty Glo, Cambria County, PA.

11. Defendant Capital One Auto Finance ("COAF") is an auto finance company with a principal place of business at 7933 Preston Road, Plano, TX 75024. COAF is in the business of vehicle financing principally through car dealerships.

12. Defendant Commonwealth Recovery Group, LLC ("CRG") is, upon information and belief, a Pennsylvania limited liability company, with a principal place of business at 5231 E. Trindle Road, Mechanicsburg, PA 17050. CRG is in the business of repossessing vehicles. CRG and its employee who actually effected the repossession are collectively referred to here as "the repo man."

13. Defendant, the Pennsylvania State Police, is an executive department of the Commonwealth of Pennsylvania which provides law enforcement and emergency response services to, *inter alia*, Cambria County. The Pennsylvania State Police has an address in Cambria County of 100 Casale Court, Ebensburg, PA 15931.

14. Defendant Colonel Tyree C. Blocker is Commissioner of the Pennsylvania State Police, with an address of 1800 Elmerton Ave, Harrisburg, PA 17110.

15. Defendant Michael Morris is a Pennsylvania State Police trooper, an adult individual with a regular place of business c/o the Pennsylvania State Police, 100 Casale Court, Ebensburg, PA 15931.

16. Defendant Bryan Devlin is a Pennsylvania State Police trooper, an adult individual with a regular place of business c/o the Pennsylvania State Police, 100 Casale Court, Ebensburg, PA 15931.

17. Defendant John Doe Troopers 1-10 are Pennsylvania State Police troopers involved in the incident in question. (At times, Morris, Devlin and John Doe troopers are referred to collectively herein as the "defendant troopers").

## IV.   STATEMENT OF CLAIM

18. Plaintiff Angela Hyman is fifty-seven years old and in poor health. She lives in Nanty Glo, PA, with her partner Shyree, in a house that Ms. Hyman owns.

19. On March 14, 2014, Plaintiff purchased a new 2014 Toyota Corolla from a car dealership in Chesapeake, VA for primarily personal, family and household use.

20. Defendant COAF financed the purchase of Plaintiff's vehicle, and was the secured party in the finance transaction.

21. In early September of 2016, Plaintiff had been hospitalized due to illness and asked COAF for a deferment on her auto payments due to her illness.

22. COAF took the request under consideration, but did not advise Plaintiff whether the request would be approved or not.

23. Instead, and without notice or disclosure to Hyman of any decision regarding the health-driven deferment request, COAF ordered Defendant CRG to repossess Ms. Hyman's Toyota.

### *The Repo Man Trespasses and Refuses to Leave Despite Plaintiff's Objection*

24. In the evening of October 5, 2016, Ms. Hyman and her partner were alerted to the sound of a truck pulling up in front of their house.

4

25. They looked out the window to see a repo man attempting to repossess the Toyota vehicle from Ms. Hyman's driveway. The driveway is part of Ms. Hyman's property.

26. The repo man, from Defendant CRG, was an agent of Defendant CRG and acting at CRG's instruction and at COAF's behest.

27. CRG was acting on behalf of the secured creditor, COAF, who upon information and belief, sent the instructions for CRG to repossess Hyman's Toyota.

28. Repossession is an inherently dangerous activity.

29. Neither COAF nor CRG had sought or obtained a court order or similar writ to repossess Ms. Hyman's vehicle.

30. Ms. Hyman went onto her lawn and told the repo man to get off her property.

31. At this point, and believing the vehicle should not be taken, Ms. Hyman's partner, Shyree, entered the car and closed the car door.

32. Ms. Hyman demanded repeatedly that the CRG repo man leave her property, stating it was "private property" and that the repo man was "trespassing" by attempting to seize her car.

33. Shyree was inside the car.

34. At no point did CRG heed Ms. Hyman's command to cease the repossession and get off her property.

35. COAF and its agent, the repo man, may legally repossess collateral without judicial process only "if it proceeds without breach of the peace." 13 Pa. C.S. § 9609(b).

36. The duty to act properly, in good faith, without a breach of the peace is non-delegable by the lender. The actions of the repo man are all attributable to COAF and COAF is strictly and vicariously liable therefor.

37. CRG and COAF, through the actions of their repo man, breached the peace by trespassing on Ms. Hyman's property and attempting to take her vehicle over her objection and protest.

38. Any right to repossess Ms. Hyman's vehicle dissolved upon CRG and COAF's breach of the peace.

39. CRG and COAF breached the peace by causing a disturbance at Ms. Hyman's residence, trespassing after being asked to leave, attempting to forcibly take the vehicle over Ms. Hyman's objections, and enlisting the state police to assist with the seizure of the collateral.

### *The State Police Arrive and Assist with the Repo*

40. Upon information and belief, the CRG repo man then telephoned the Pennsylvania State Police.

41. Within minutes, Pennsylvania State Police troopers arrived at the scene, Ms. Hyman's home. The troopers included Defendants Morris, Devlin and John Does 1-10.

42. At all times relevant hereto, the troopers were acting under color of state law as agents of the Pennsylvania State Police.

43. Rather than instruct the repo man to leave Ms. Hyman's property as Ms. Hyman instructed, the troopers, state actors all, assisted the repo man in his illegal repossession.

44. The Pennsylvania State Police troopers knew at the time that neither the lender nor the repo man had a court order or writ for the repossession or seizure of the vehicle.

45. No legal determination had been sought or made regarding entitlement to seize Hyman's car.

46.     Nonetheless, one of the troopers, believed to be Defendant Bryan Devlin – a supervisor, advised Ms. Hyman that the repo man had the right to repossess the vehicle. This statement was false and misleading.

47.     While Shyree was in the Toyota and with Ms. Hyman, Trooper Devlin and the repo man standing outside the vehicle, Ms. Hyman phoned her daughter, Makiba, a law student, for advice.

48.     Makiba and Hyman correctly and politely told Trooper Devlin that his actions were in violation of the law, and that this was purely a civil matter.

49.     Cell phone video recorded at the scene captured their conversation.

50.     A partial transcript of the video from the scene is set forth below:

**Trooper:** If she [Shyree] does not willingly come out we are going to have to remove her.

**Makiba:** Sir, sir – can he hear me mom?

**Angela Hyman** – Yeah, he can hear you.

**Trooper:** Is she trying to talk? Hello, yes. Maam.

**Makiba:** Sir, I am just trying to figure out because police cannot enforce a civil contract and it seems as if you're taking sides between my mother and the tow truck driver, but you can also ask him to leave her private property instead of asking her [Shyree] to get out of her [Hyman's] car.

**Trooper:** Maam, well what's going to happen here today is we already spoke with the tower they have to get the vehicle tonight, okay.

**Makiba:** Right sir, but listen this is a civil issue.

**Trooper:** Maam, maam, okay – if you're talking with the young lady in the car, okay, if you would please tell her to get out so these men can do their job.

**Makiba:** Sir, listen, you are doing this unlawfully.

**Trooper:** Okay, you can file a complaint on me later. That's okay.

**Makiba:** Sir you cannot ask her to get out of the car.

**Trooper:** Here's what going happen, okay, if she doesn't get out we are going to break the window.

**Makiba:** Sir. I am recording you sir.

**Trooper:** It's okay you can record it, I'm tell you what's going to happen. She is going to be removed, she going to be arrested for disorderly conduct and the car is still going to get taken.

**Makiba:** And Sir you are breaking the law.

**Trooper:** That's okay.

**Makiba:** And we will bring a complaint against you and this is possible discrimination.

**Trooper:** Are you not going to ask the young lady to get out of the vehicle?

**Makiba:** Well, no she is going to comply with you. You're enforcing a civil contract without authority of a court order.

**Trooper:** Okay well then you can contact the state police, talk to my sergeant, I am the shift supervisor tonight, you can file the complaint against me.

**Makiba:** Have you spoken to any legal counsel about what you're doing?

**Trooper:** Maam, that is not what is happening tonight. Okay?

**Makiba:** Have you spoken to any legal counsel. You are breaking the law, you cannot do this.

**Trooper:** Did you tell the young lady to get out?

**Makiba:** I haven't spoken to her yet.

**Trooper:** Well you said she was going to comply.

**Makiba:** Well of course she is going to comply with your order.

**Trooper:** Well you call her and tell her to do that and once I know that she is going to get out we will be okay.

**Makiba:** I am going to call you right back.

**Angela Hyman:** Okay.

**[Makiba calls Shyree]**

**Shyree:** Ok they are getting anxious.

**Makiba:** Tell them ok. What county are you in?

**Shyree:** Nanty Glo, Cambria.

**Trooper:** I'm not going to wait all day.

**Shyree:** I understand.

**Trooper:** - You got about 30 more seconds.

**Shyree:** He said I got 30 more seconds then he is going to bust the window and take me in. She said. My lawyer is on the phone with the State Police.

**Trooper:** What? You've got 30 seconds to come out or we breaking the window and coming in, how long have we been here dealing with this? I asked nicely, I explained to you what is going to happen, okay?

**Shyree:** Okay

**Trooper:** If you refuse to come out we are going to have to remove you and I do not want to do that for a repossessed vehicle.

**Shyree:** Okay. Hello.

**Trooper:** Are you getting out? Your time is up. Yes or no?

**Shyree:** Alright. Hello. I am getting out. I'm getting out, y'all.

51.    Shyree got out of the car. The state police trooper directed Ms. Hyman to surrender the vehicle to the repo man.

52.    The state police trooper had no legal authority to order Shyree out of Hyman's car, to direct Ms. Hyman to surrender her vehicle, nor to threaten an arrest and damage to the car.

53. The limitation on an officer's ability to assist in an *ex parte* seizure of personal property – without due process or court order – is of constitutional dimensions, and is well-settled in the Third Circuit.

54. The state police trooper used the false statement that the repo man had a right to repossess as a means of intimidating Ms. Hyman into turning over the vehicle. Indeed, the repo man then had no lawful right to repossess.

55. With the assistance of the Defendant state police troopers on the scene, the repo man took possession of the vehicle on behalf of COAF.

56. Neither the state troopers on the scene nor the State Police investigated the trespass to Ms. Hyman's property.

57. Instead, the defendant troopers allowed the repo man and his truck to remain on Ms. Hyman's premises in spite of her request to remove the repo man due to his trespass.

58. Defendant troopers took no action to stop the continued trespass by the repo man, and instead lent their assistance and that of the Pennsylvania State Police to the repo man and his unlawful repossession of Ms. Hyman's vehicle.

59. The confrontation, Plaintiff's objection, and the entry of law enforcement officers singularly and collectively constitute a breach of the peace.

60. Defendants repossessed Plaintiff's vehicle without justification or legal entitlement. The repossession was not commercially reasonable.

61. At all times relevant hereto, the defendant troopers were clearly invested with and utilized the power and authority of the state when they assisted COAF and CRG with the repossession.

62. The CRG repo man and COAF acted in concert with the Pennsylvania State Police to take possession of Ms. Hyman's vehicle.

63. The Pennsylvania State Police and the defendant troopers acted in derogation of Ms. Hyman's rights guaranteed by the states through the 14th Amendment and 4th Amendment to be free of unreasonable seizures, to be free from deprivation of her property without due process of law, and to notice and an opportunity to be heard.

64. Those rights are well established under controlling authority from the United States Supreme Court, *see Soldal v. Cook County*, 506 U.S. 56 (1992), and the United States Court of Appeals for the Third Circuit, in *Abbott v. Latshaw*, 164 F.3d 141 (3d Cir. 1998), and *Harvey v. Plains Twp. Police Dept.*, 421 F.3d 185 (3d Cir. 2005).

**_Background Facts Concerning the Pennsylvania State Police_**

65. Upon information and belief, the Pennsylvania State Police requires training for all of its troopers.

66. Upon information and belief, in the course of this training, Pennsylvania State Police troopers are given on the job situational training to resolve common situations.

67. Upon information and belief, this includes training concerning repossessions and department procedures, and customs related to repossessions.

68. Upon information and belief, as part of that training, troopers are advised to routinely assist repossession companies and secured parties with self-help repossessions of vehicles.

69. Upon information and belief, as part of that training, troopers are not trained to refrain from assisting repossession companies and secured parties with self-help repossessions of vehicles.

70. Upon information and belief, as part of that training, troopers are not trained to distinguish between a judicially authorized repossession and a private, civil, self-help repossession.

71. Upon information and belief, Pennsylvania State Police troopers, as a matter of practice, implement this custom and regularly provide assistance to repossession agencies and secured parties, like the CRG and COAF at issue here.

72. Upon information and belief, the actions of the defendant troopers (including a supervisor) were consistent with the customs and authorized practices of the Pennsylvania State Police.

73. Upon information and belief, the practices described above, while they may not be memorialized in any formal document, are well-settled customs within the Pennsylvania State Police.

74. The presence of armed Pennsylvania State troopers who direct consumers such as Plaintiff to turn over vehicles to facilitate a disputed private civil repossessions all but assures the repossession of vehicles from consumers, even those consumers who exercise their right to object to those repossessions.

75. What befell Plaintiff is capable of repetition.

76. The presence of Pennsylvania State Police troopers who direct a consumer to turn over her vehicle during private civil repossessions chills consumers' lawful right to object to the taking of their personal property.

77. Plaintiff had a property interest in the Toyota that she owned.

78. As such, Plaintiff was entitled to procedural due process protection.

79. Defendant Tyree C. Blocker, as Commissioner of the Pennsylvania State Police, is officially responsible for ensuring that state troopers are trained not to interfere or take sides in civil repossessions.

80. This case demonstrates that prospective injunctive relief is required directing the Pennsylvania State Police to establish and implement policies, procedures and/or customs instructing state police troopers to refrain from assisting in civil repossessions without a court order.

*Damage to Plaintiff*

81. As a result of each Defendant's conduct, Plaintiff Ms. Hyman lost her primary mode of transportation and has suffered pecuniary loss, mental and emotional distress, aggravation, stress, worry, humiliation, and embarrassment.

82. Plaintiff has also expended significant time and effort trying to address the wrongful repossession of her vehicle.

**COUNT I**
**FAIR DEBT COLLECTION PRACTICES ACT**
**(Against Commonwealth Recovery Group)**

83. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

84. Plaintiff is a "consumer" as that term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

85. Defendant, Commonwealth Recovery Group was acting as a "debt collector" as that term is defined under 15 U.S.C. § 1692a(6).

86. The FDCPA prohibits a debt collector from engaging in unfair or unconscionable means to collect or attempt to collect a debt, including taking any non-judicial action to effect

dispossession or disablement of property when there is no present right to do so. 15 U.S.C. § 1692f(6).

87. Defendant, Commonwealth Recovery Group repossessed Plaintiff's vehicle when it had no lawful present right to do so, as the breach of the peace vitiated any statutory right to repossess without a court order or writ.

**WHEREFORE,** Plaintiff, Angela Hyman demands judgment against Defendant Commonwealth Recovery Group for:

(a) Damages;

(b) Attorney fees and costs as permitted under 15 U.S.C. § 1692k; and

(c) Such other relief as the Court may be deem just and proper.

## COUNT II
## PENNSYLVANIA'S UNIFORM COMMERCIAL CODE
### (Against Capital One Auto Finance)

88. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

89. Once the breach of the peace occurred, any license or justification for the secured party to repossess ceases. 13 Pa. C.S. § 9609.

90. COAF did not act in a commercially reasonable manner in repossessing Plaintiff's vehicle, and had no proper basis under the UCC to do so. 13 Pa. C.S. § 9609, 9610.

91. As a result of COAF's wrongful repossession and failure to comply with Article 9, Plaintiff is entitled to damages. 13 Pa. C.S. § 9625.

WHEREFORE, Plaintiff, Angela Hyman demands judgment in her favor and against Defendant, Capital One Auto Finance for:

(a) Damages; and

    (b)    Such other and further relief as the Court deems just and proper.

## COUNT III
## CONVERSION/TRESPASS TO CHATTELS
**(Against Capital One Auto Finance and Commonwealth Recovery Group)**

92. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

93. Defendants, COAF and CRG wrongfully repossessed Plaintiff's vehicle, and deprived plaintiff of her vehicle.

94. Defendants took Plaintiff's vehicle without her consent, without lawful justification, and without a lawful right to possession.

95. Defendants trespassed on Plaintiff's property in order to repossess the vehicle and breached the peace.

96. As a result of each Defendants intentional, willful and reckless conduct, Plaintiff has been damaged.

WHEREFORE, Plaintiff, Angela Hyman, demands judgment against Defendants Capital One Auto Finance and Commonwealth Recovery Group, jointly and severally, for the following:

    (a)    Actual damages;

    (b)    Punitive damages;

    (c)    Attorney's fees and costs; and

    (d)    Such other and further relief as the Court deems just and proper.

## COUNT IV
## TRESPASS
### (Against Capital One Auto Finance and Commonwealth Recovery Group)

97. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

98. Defendants, COAF and CRG intentionally intruded upon Plaintiff's property in order to repossess the vehicle.

99. Defendants, COAF and CRG refused to leave Plaintiff's property despite Plaintiff's orders and objections.

100. As a result of each Defendants intentional, willful and reckless conduct, Plaintiff has been damaged.

WHEREFORE, Plaintiff, Angela Hyman, demands judgment against Defendants Capital One Auto Finance and Commonwealth Recovery Group, jointly and severally, for the following:

(e) Actual damages;

(f) Punitive damages;

(g) Attorney's fees and costs; and

(h) Such other and further relief as the Court deems just and proper.

## COUNT V
## CIVIL RIGHTS VIOLATION, 42 U.S.C. § 1983
(Against the Pennsylvania State Police, Col. Tyree C. Blocker, Michael Morris, Bryan Devlin, and John Doe Troopers 1-10 in their official capacities)

101. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

102. Repo man, CRG, and the secured creditor, COAF, through their agents, servants or employees, acted jointly and in concert with the Pennsylvania State Police and the defendant troopers to deprive Ms. Hyman of her rights under the United States Constitution and state law.

103. As a result of their unlawful, reckless and indifferent acts or omissions, the Pennsylvania State Police and the defendant troopers, both alone and in concert, conspired to and acted under color of law, but contrary to law, and deprived Ms. Hyman of her rights, privileges, or immunities secured under the Constitution and laws of the United States and 42 U.S.C. § 1983.

104. As a direct and proximate result of the conduct of the Pennsylvania State Police and the defendant troopers, Ms. Hyman was unlawfully deprived of her personal property without due process of law, without notice and an opportunity to be heard.

105. As a result of the Pennsylvania State Police's failure to adequately train its troopers in civil disputes and the limitations on involvement in civil vehicle repossessions, the troopers, although there was no writ nor Court Order, nonetheless affirmatively and actively assisted in the repossession of the vehicle. Under the color of the law, the troopers deprived Ms. Hyman of her personal property by resorting to intimidation and threat of criminal arrest to effect the seizure of her car.

106. The troopers' actions were instrumental in the taking of Ms. Hyman's vehicle including the threat of arrest and damage to the car in order to enable the repo.

107. The repo man would not have been able to repossess the vehicle but for the presence and active assistance of the Pennsylvania State Police troopers.

108. Defendant Tyree C. Blocker, as Commissioner of the Pennsylvania State Police, is officially responsible for ensuring that state troopers are trained not to interfere or take sides in civil repossessions.

109. The Pennsylvania State Police maintains a practice and custom which directs its troopers such as the defendant troopers to effectively assist in the private civil repossession of vehicles without a court order.

110. The Pennsylvania State Police maintains a practice and custom whereby it fails to instruct or train its troopers such as the defendant troopers to refrain from assisting in the private civil repossession of vehicles without a court order.

111. Unless enjoined and prospective relief ordered, the Pennsylvania State Police will continue in its unlawful practices, in violation of the United States Constitution and the established law barring repossessions in breach of the peace, and barring deprivation of personal property without due process of law.

WHEREFORE, Plaintiff Angela Hyman demands judgment against Defendants, the Pennsylvania State Police, Tyree C. Blocker, Michael Morris, Bryan Devlin, and John Doe Troopers 1-10 in their official capacities, for the following:

(a) Prospective injunctive relief directing the Defendants to establish and implement policies, procedures and/or customs for the Pennsylvania State Police to refrain from assisting in civil repossessions without a court order;

(b) Attorney fees as provided for pursuant to 42 U.S.C. § 1988; and

(c) Such other and further relief as the Court shall deem just and proper.

## COUNT VI
## CIVIL RIGHTS VIOLATION, 42 U.S.C. § 1983
(Against Michael Morris, Bryan Devlin and John Doe Troopers 1-10 in their individual capacities)

112. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

113. Repo man, CRG, and the secured creditor, COAF, through their agents, servants or employees, acted jointly and in concert with the defendant troopers to deprive Ms. Hyman of her rights under the United States Constitution and state law.

114. As a result of the defendant troopers' unlawful, reckless and indifferent acts or omissions, the defendant troopers unlawfully assisted in depriving Ms. Hyman of her clearly established rights, privileges, or immunities secured under the Constitution and laws of the United States and 42 U.S.C. § 1983.

115. As a direct and proximate result of the conduct of the defendant troopers, Ms. Hyman was unlawfully deprived of her personal property without due process of law, without notice and an opportunity to be heard in violation of her clearly established constitutional rights.

116. The defendant troopers knew or should have known, as would any reasonable person, that they were assisting in depriving Ms. Hyman of her personal property without due process of law, without notice and an opportunity to be heard, in violation of her clearly established constitutional rights.

117. The defendant troopers' actions were instrumental in the taking of Ms. Hyman's vehicle including the threat of arrest and damage to the car in order to enable the repo.

118. The repo man would not have been able to repossess the vehicle but for the presence and active assistance of the defendant troopers.

119. As a result, Ms. Hyman has suffered damages resulting from these violations of her civil rights.

WHEREFORE, Plaintiff Angela Hyman demands judgment against Defendants Michael Morris, Bryan Devlin, and John Doe Troopers 1-10 in their individual capacities, for the following:

    (a) Damages;

    (b) Attorney fees as provided for pursuant to 42 U.S.C. § 1988; and

    (c) Such other and further relief as the Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 8/4/17

_____
CARY L. FLITTER, PA 35047
ANDREW M. MILZ, PA 207715
Attorneys for Plaintiff

**FLITTER MILZ, P.C.**
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0782
cflitter@consumerslaw.com
amilz@consumerslaw.com