**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANGELA HYMAN, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Docket Number 3:17-CV-00089-KRG |
| | ) | |
| CAPITAL ONE AUTO FINANCE, | ) | |
| COMMONWEALTH RECOVERY | ) | |
| GROUP, INC., PENNSYLVANIA STATE | ) | |
| POLICE, COL. TYREE C. BLOCKER, | ) | *Electronically Filed* |
| MICHAEL MORRIS, BRYAN DEVLIN, | ) | |
| JOHN DOE TROOPERS 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF**
**COMMONWEALTH DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT**

AND NOW, come Defendants, PENNSYLVANIA STATE POLICE, COL. TYREE

C. BLOCKER, TROOPER MICHAEL MORRIS and TROOPER BRYAN DEVLIN

("Commonwealth Defendants"), by and through their counsel, J. Eric Barchiesi, Deputy

Attorney General, and Kenneth L. Joel, Chief Deputy Attorney General, Chief, Litigation

Section, and file the within Brief in Support of Motion to Dismiss Plaintiff's Amended

Complaint, to-wit, a more particular statement is as follows:

## I.    PRELIMINARY SUMMARY OF THE ACTION

This litigation was precipitated by the repossession of Plaintiff's 2014 Toyota

Corolla by Defendant, Commonwealth Recovery Group, Inc., who allegedly was acting at

the behest of Defendant, Capital One Auto Finance. Complicating the issues surrounding

this event was the presence of Trooper Morris and Trooper Devlin, Pennsylvania State

Police Troopers dispatched to the scene to prevent a breach of the peace.

## II.   STATEMENT OF THE CASE

Plaintiff, ANGELA HYMAN, filed a counseled Amended Complaint [ECF No. 27] on or about August 4, 2017 against multiple Defendants, including the within Commonwealth Defendants. In her Amended Complaint, Plaintiff asserted claims arising out of an incident occurring on or about October 5, 2016, which involved the repossession of Plaintiff's vehicle. The alleged claims include federal and state law violations pertaining to debt collection and also civil rights violations.

The claims asserted against the Commonwealth Defendants are § 1983 actions found in Count V and Count VI of the Amended Complaint [ECF No. 27, ¶¶ 101-111 and 112-119]. Plaintiff alleges the Commonwealth Defendants violated the rights afforded her under the 14th and 4th Amendments "to be free of unreasonable seizures, to be free from deprivation of her property without due process of law, and to notice and an opportunity to be heard." [ECF No. 27, ¶ 63]. More specifically, Plaintiff contends Trooper Morris and Trooper Devlin, "acting under color of state law as an agent of the Pennsylvania State Police", violated her civil rights when he "assisted the repo man in his illegal repossession." [ECF No. 27, ¶¶ 42, 43]. Plaintiff contends the Pennsylvania State Police and Col. Tyree C. Blocker, Commissioner of the Pennsylvania State Police, violated her civil rights by failing to ensure and train troopers "not to interfere or take sides in civil repossessions." [ECF No. 27, ¶ 79].

With respect to the salient factual allegations, Plaintiff, ANGELA HYMAN, lives in Nanty Glo, PA with her partner, Shyree, in a house that is owned by Plaintiff. [ECF NO. 27, ¶ 18]. Plaintiff, apparently in her own name, purchased a new 2014 Toyota Corolla on

March 14, 2014. [*Id.*, ¶ 19]. The purchase was financed through Defendant, CAPITAL ONE AUTO FINANCE ("COAF"). [*Id.*, ¶ 20]. Plaintiff subsequently became ill and sought to defer her auto payments with COAF. [*Id.*, ¶ 21]. Plaintiff alleges she was never advised of COAF's position following this request. [*Id.*, ¶ 22].

In the evening of October 5, 2016, Plaintiff heard a truck pulling up in front of her house and saw a person attempting to repossess the Toyota from Plaintiff's driveway. [*Id.*, ¶¶ 24 and 25]. It was later determined that person was a repo man from Defendant, COMMONWEALTH RECOVERY GROUP, INC. ("CRG"). [*Id.*, ¶ 26]. Plaintiff went onto her lawn and told the repo man to get off her property. [*Id.*, ¶ 30]. Plaintiff's partner, Shyree, then "entered the car and closed the car door." [*Id.*, ¶ 31]. Plaintiff allegedly repeated her demand that the CRG repo man leave her property and Shyree remained in the car. [*Id.*, ¶¶ 32 and 33].

The CRG repo man then telephoned the Pennsylvania State Police. [*Id.*, ¶ 40]. Plaintiff alleges that while Shyree was still in the car, Trooper Devlin advised her "that the repo man had the right to repossess the vehicle." [*Id.*, ¶ 46]. Trooper Devlin then attempted to get Shyree to exit the vehicle "willingly" and without the need to remove her. [*Id.*, ¶ 50]. Eventually, Shyree got out of the car and the repo man took possession of the vehicle. [*Id.*, ¶¶ 51 and 56].

Plaintiff alleges the troopers violated her constitutional rights by purportedly assisting in the civil repossession. [*Id.*, ¶ 61]. Plaintiff alleges the Pennsylvania State Police employed "customs and authorized practices" to "regularly provide assistance to repossession agencies and secured parties, like the CRG and COAF." [*Id.*, ¶¶ 71 and 72].

The Commonwealth Defendants now move to dismiss the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons that follow.

### III.   <u>STANDARD OF REVIEW</u>

**RULE 12(b)(6)**

When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [his] claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570)).

4

IV.  **ARGUMENT**

    A.  **Plaintiff's Federal § 1983 Claim Against The Pennsylvania State Police Fails As A Matter Of Law**

Plaintiff's federal claims are premised on 42 U.S.C. § 1983. [ECF No. 27, ¶¶ 4, 7]. That statute provides a right of action for violations of the United States Constitution made "under color of state law." *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 399 (1979). However, "[a]n essential element of any claim under § 1983 is that the alleged wrongdoing was committed by a 'person.'" *Douris v. Schweiker*, 229 F.Supp.2d 391, 406 (E.D.Pa. 2002), *aff'd,* 100 Fed.Appx. 126 (3d Cir. 2004)(table). As a matter of law, a state, state agencies and state employees in their official capacities are not "persons" subject to suit under Section 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

Section 1983 provides, in pertinent part:

> Every person, who, under color of state statute, ordinance, regulation, custom, or usage of any State of Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof of deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. §1983. Section 1983 is not a source of substantive rights but provides a vehicle by which violations of federal law committed by state actors can be vindicated. *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). Thus, a plaintiff asserting a civil rights violation under §1983 must establish: (1) the deprivation of a right secured by the United States Constitution or federal law; and (2) that the alleged violation was committed by a person

acting under color of state law. *Kneipp*, 95 F.3d at 1204 (*quoting Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995)).

It is axiomatic that states, state agencies and state officials acting in their official capacities do not qualify as "persons" under Section 1983. By applying rules of statutory construction, the Supreme Court held in *Will v. Michigan Department of State Police*, 491 U.S. 58, 62-71 (1989), that Congress simply did not intend to place states within the reach of Section 1983 liability.

The Pennsylvania State Police is a recognized state agency. *Beattie v. DOC SCI– Mahanoy,* 2009 WL 533051, *6 (M.D.Pa. Mar. 3. 2009). As noted above, a state agency is not a person within the meaning of Section 1983. *Thompson v. Burke*, 556 F.2d 231, 232 (3d Cir. 1977). Consequently, the claim against the Pennsylvania State Police, a state agency, must be dismissed.

### B.    Plaintiff's Claim Against The Pennsylvania State Police Is Barred By The Eleventh Amendment

"State governments and their subsidiary units are immune from suit in federal court under the Eleventh Amendment." *Betts v. New Castle Youth Development Center*, 621 F.3d 249, 253 (3d Cir. 2010). "States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes" are afforded this immunity. *Will v. Michigan*, 491 U.S. 58, 71 (1989). The Pennsylvania State Police is considered an "arm of the State" for Eleventh Amendment purposes. *Dyche v. Bonney*, 2005 WL 3118034, at *3 (M.D. Pa. 2005); *L.H. ex rel G.H. v. Evanko*, 2001 WL 605214, at *3-4 (E.D.Pa. 2001); *Altieri v. Pennsylvania State Police*, 2000 WL 427272, at *5 (E.D.Pa. 2000).

Further, no exception to the Eleventh Amendment's immunity is applicable here. *See MCI Telecom. Corp. v. Bell Atl.-Pa.*, 271 F.3d 491, 503-04 (3d Cir. 2001); *Edelman*

*v. Jordan*, 415 U.S. 651, 663 (1974) (Congress may specifically abrogate the state's immunity or the state may waive its own immunity). Section 1983 does not abrogate states' immunity, *Quern v. Jordan*, 440 U.S. 332, 340-41 (1979), and Pennsylvania by statute has declined to waive its immunity, *see*, 42 Pa.C.S.A. § 8521(b).

Accordingly, Plaintiff's claim against the Pennsylvania State Police is barred by the Eleventh Amendment and must be dismissed.

### C.     Plaintiff's Federal § 1983 Claims Against The Individual Commonwealth Defendants Acting In Their Official Capacities Fail As A Matter Of Law

In Count V of the Amended Complaint, Plaintiff asserts § 1983 claims against, *inter alia*, Col. Tyree C. Blocker, Trooper Morris and Trooper Devlin acting in their official capacities. Ordinarily, such claims are barred by the argument that state officials acting their official capacities are not "persons" within the meaning of Section 1983 and, therefore, a claim for monetary damages cannot be maintained against such state officials. However, Plaintiff is only seeking injunctive relief in Count V, not monetary damages. More specifically, in Count V, Plaintiff seeks "[p]rospective injunctive relief directing the Defendants to establish and implement policies, procedures and/or customs for the Pennsylvania State Police to refrain from assisting in civil repossessions without a court order." [ECF No. 27, Count V, *ad damnum* clause, p. 18].

There is no allegation contained in the Amended Complaint explaining or asserting Col. Tyree C. Blocker, Trooper Morris, or Trooper Devlin have any standing or influence to "establish and implement policies, procedures and/or customs for the Pennsylvania State Police." Inasmuch as these individual Commonwealth Defendants are unable to provide the type of prospective relief demanded by the Plaintiff, the claims against these

individual Commonwealth Defendants in their official capacities must fail. Such a claim for this particular relief is not plausible on its face. "A complaint must not only allege entitlement to relief, but must demonstrate such entitlement with sufficient facts to nudge the claim 'across the line from conceivable to plausible.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 683, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Even if Plaintiff is able to maintain her present § 1983 action against these Defendants, the relief requested cannot be provided by these parties. Accordingly, the Court should dismiss all of Plaintiff's Section 1983 claims against the Commonwealth of Pennsylvania, Pennsylvania State Police and Trooper Morris in their official capacity.

> **D.    Plaintiff's 14th Amendment Claim Must Be Dismissed As The Conduct Of Which She Complains Is Covered By The 4th Amendment**

In general, substantive due process claims are disfavored where the conduct at issue is addressed in another specific constitutional provision. *See Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Indeed, "where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver,* 510 U.S. 266, 273, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). Thus, "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier,* 520 U.S. 259, 272 n. 7, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997).

In this case, the Plaintiff has alleged a cause of action for a violation of the Fourth Amendment protection against illegal seizure. The claim for unspecified "due process" violations appears to be largely redundant of the Plaintiff's Fourth Amendment claim. Accordingly, Plaintiff's Fourteenth Amendment claim should be dismissed.

In *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989)(emphasis in original), the Supreme Court stated:

> [t]oday we make explicit…and hold that *all* claims that law enforcement officers have used excessive force-deadly or not-in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach. Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the generalized notion of 'substantive due process,' must be the guide for analyzing these claims.

*See County of Sacramento v. Lewis*, 523 U.S. 833, 843, 118 S.Ct. 1708, 140 L.Ed. 1043 (1998); *Mellott v. Heemer*, 161 F.3d 117, 121 (3d Cir. 1998); *King v. Ridley Township*, 2007 WL 2071871, *4 (E.D.Pa. 2007). The substantive due process clause of the Fourteenth Amendment is not an appropriate source for wrongful seizure claims. *See Ulitchney v. Ruzicki*, 412 Fed.Appx. 447, 452 n. 7 (3d Cir.2011) (noting that the plaintiff's unlawful seizure claim is more properly analyzed under the Fourth Amendment, and not the Fourteenth Amendment).

It appears that Plaintiff's inclusion of the 14th Amendment is more than just a passing reference to the well-settled incorporation doctrine that the 4th Amendment is applicable to the states through the 14th Amendment. If that is all Plaintiff was doing with her reference to the 14th Amendment, the Commonwealth Defendants would not be

making this argument. Instead, it appears that Plaintiff raises a separate, independent 14th Amendment claim. [ECF No. 27, ¶ 63]. To the extent Plaintiff is trying to raise an independent 14th Amendment claim, it must be dismissed as all claims for an alleged illegal seizure must be analyzed under the 4th Amendment.

### E.    Plaintiff's Allegations Fail To Establish A Violation Of The Fourth Or Fourteenth Amendments

"When a police officer is involved in a private party's repossession of property, there is no state action if the officer merely keeps the peace." *Moore v. Carpenter*, 404 F.3d 1043, 1046 (8th Cir. 2005); *Mitchell v. Gieda*, 215 F.App'x 163, 165 (3d Cir. 2007) ("[A]n officer's presence at the scene of, and acquiescence in, a private repossession is not state action unless accompanied by affirmative intervention, aid, intimidation, or other use of power which converts him from a neutral third party to, in effect, an assistant of the repossessing party."). Without state action, a Section 1983 action cannot be maintained.

Instantly, the officers did not accompany the private party to the scene; the officers never threatened Plaintiff that she was going to be arrested (according to Paragraph 50 of the Amended Complaint, the only person who the officers threatened to arrest was Shyree for disorderly conduct, *See* ECF No. 27, ¶ 50, p. 8); the officers intervened at only one step in the repossession process; and the officers never intimidated the Plaintiff. Clearly, the involvement of the officers in the repossession process was *de minimis*.

The Commonwealth Defendants did not seize the Plaintiff or her property. At best, Plaintiff's factual recitation establishes that the only act Defendants did was remove Shyree, Plaintiff's partner but a trespasser nonetheless, out of the car. The Amended Complaint shows that the officers were interested in keeping the peace. Their advice and instruction to Plaintiff was sound to avoid a potentially violent scene. The officers did not

assist in the towing of Plaintiff's car. The officers did not assist in connecting the car to the tow truck. The officers were not even called to the scene until after the car was hooked to the tow truck and Shyree decided to lock herself inside the car. The focus of the officer, as clearly shown in the transcribed communication set forth in Paragraph 50 of the Amended Complaint, was to get Shyree out of the car. Shyree was not the owner of the vehicle and she had not property interest in the vehicle. The only action the officers did in this case was keep the peace by getting Shyree to exit the vehicle. The actual repossession cannot be deemed "state action" and, therefore, the Constitutional violation claim against the Commonwealth Defendants must fail.

### F.   Plaintiff's Fails To Establish The Personal Involvement Of Col. Blocker and Trooper Morris

A defendant must be shown by the allegations contained in the Amended Complaint to have been personally involved or have actual knowledge of and acquiesced in the commission of the wrong. *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Liability can only be imposed if that official played an "affirmative part" in the complained of misconduct. *Chincello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986).

Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." *Brown v. Grabowski*, 922 F.2d 1097, 1120 (3d Cir. 1990), *cert denied*, 111 S.Ct. 2827 (1991). The supervisor must be personally involved in the alleged misconduct. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). To impose liability on a supervisory official there must be "both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's assertion could be found to have communicated a message of

approval to the offending subordinate." *Colburn v. Upper Darby Township*, 838 F.2d 663, 673 (3d Cir. 1988), *cert. denied,* 489 U.S. 1065 (1989). Section 1983 liability cannot be predicated solely on *respondeat superior*. *See Rizzo v. Goode*, 423 U.S. 362 (1976).

In the instant case, Plaintiff has named Trooper Morris and Col. Tyree C. Blocker as Defendants. The Amended Complaint is devoid of any reference as to how either Trooper Morris and/or Col. Blocker were personally involved in this incident. Trooper Morris' mere presence at the scene does not make him liable. *See Barrett v. Harwood*, 189 F.3d 297, 302 (2d Cir. 1999) (A police officer's mere presence at the scene of a private repossession is insufficient to constitute state action for purposes of § 1983). Furthermore, Col. Blocker was not even at the scene.

Plaintiff alleges Col. Blocker is liable for his alleged failure to adequately train and/or supervise Trooper Morris and Trooper Devlin. Plaintiff has not established that Defendant Col. Blocker had contemporaneous knowledge of the events alleged to have taken place with regard to Troopers Morris and Devlin, nor of a pattern of similar conduct on the part of Troopers Morris and Devlin. Nor does Plaintiff allege that Defendant Col. Blocker in any way encouraged Troopers Morris and Devlin to partake in the alleged Constitutional violations.

In this regard, Plaintiff's claims against Defendant Col. Blocker are based entirely upon a theory of *respondeat superior*, and must, accordingly, be dismissed. Similarly, Plaintiff's claims against Defendant Trooper Morris have no factual basis, other than Trooper Morris' mere presence at the scene, and, therefore the claims against Trooper Morris must be dismissed.

## V.    <u>CONCLUSIONS</u>

For the foregoing reasons, the Commonwealth Defendants' Motion to Dismiss should be granted and all claims asserted against these Defendants in this action should be dismissed with prejudice. Additionally, the Commonwealth Defendants incorporate herein by reference any arguments set forth by other Defendants in any Motion to Dismiss and/or Briefs of the same.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

By: *<u>/s/ J. Eric Barchiesi</u>*
J. ERIC BARCHIESI
Deputy Attorney General
PA I.D. # 55825

Kenneth L. Joel
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA   15219
Tele:  (412) 565-3573
Email: jbarchiesi@attorneygeneral.gov

Date: September 1, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2017, the within **BRIEF IN SUPPORT OF COMMONWEALTH DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** was electronically filed with the Clerk of Court using the CM/ECF system and thereby becoming immediately available to all CM/ECF participants, including the following:

|  |  |
|---|---|
| **Cary L. Flitter, Esquire** | **Andrew K. Stutzman, Esquire** |
| **Andrew M. Milz, Esquire** | **Eric M. Hurwitz, Esquire** |
| **FLITTER MILZ, P.C.** | **Michelle Badolato, Esquire** |
| 450 N. Narberth Avenue, Suite 101 | **STRADLEY RONON STEVENS &** |
| Narberth, PA 19072 | **YOUNG LLP** |
| *(Counsel for Plaintiff)* | **2600 One Commerce Square** |
|  | **Philadelphia, PA 19103** |
|  | *(Counsel for Capital One Auto Finance)* |

**James F. Logue, Esquire**
**ZARWIN, BAUM, DEVITO, KAPLAN, SCHAER, TODDY, P.C.**
2101 N. Front Street
Building 3, Suite 300
Harrisburg, Pa 17110
*(Counsel for Commonwealth Recovery)*

/s/ J. Eric Barchiesi
J. Eric Barchiesi, DAG

*Counsel for Defendants, Pennsylvania State Police & Trooper Morris*

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA   15219
Tele:  (412) 565-3573
Email: jbarchiesi@attorneygeneral.gov

14