IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ANGELA HYMAN, | ) | CIVIL ACTION NO. 3:17-89 |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| CAPITAL ONE AUTO FINANCE, | ) | |
| COMMONWEALTH RECOVERY | ) | |
| GROUP, INC., PENNSYLVANIA | ) | |
| STATE POLICE, COL. TYREE C. | ) | |
| BLOCKER, MICHAEL MORRIS, | ) | |
| BRYAN DEVLIN, JOHN DOE | ) | |
| TROOPERS 1-10., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the Court is Defendant's Motion *in Limine* to Preclude Hearsay, Speculation, and Irrelevant Evidence. (ECF No. 104.) This Motion is fully briefed (*see* ECF Nos. 105, 115) and is ripe for disposition. For the following reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

In his Motion, Defendant argues that the Court should exclude five separate pieces of evidence. Defendant seeks to preclude Plaintiff from introducing: (1) evidence of other lawsuits naming Defendant Bryan Devlin; (2) evidence of other lawsuits against the Pennsylvania State Police arising out of repossessions; (3) information that Ms. Hyman was told by other individuals; (4) information that Ms. Hyman overheard; and (5) evidence or information related to the Collective Bargaining Agreement of the Pennsylvania State Police. The Court will address each unrelated piece of evidence separately.

I.  **The Court Will Preclude Plaintiff from Introducing Evidence of Other Lawsuits Against Defendant Bryan Devlin**

Defendant argues that Plaintiff should be precluded from introducing evidence that Trooper Devlin was involved in other lawsuits in his professional capacity under Federal Rule of Evidence 404(b).[1]

In response, Plaintiff argues that "[t]he lawsuit against Defendant Devlin is relevant because it shows that Defendant knew he would have no financial obligations stemming from his wrongdoing, and therefore had good reason to be indifferent to Plaintiff's rights." (ECF No. 115 at 3.) Plaintiff bases this argument on Trooper Devlin's testifying that the Commonwealth paid for his legal representation when he was sued in the past. (*Id.*) Plaintiff argues that "Defendant's knowledge that he would receive legal representation if he were to be sued serves as a disincentive to comply with the law." (*Id.*)

Plaintiff argues that this evidence is relevant to her punitive-damages claim. (*Id.*) To prove her claim for punitive damages, Plaintiff must show that "defendant's conduct . . . involves reckless or callous indifferent to the federally protected rights of others." *Allah v. Al-Hafeez*, 226 F.3d 247, 251-52 (3d Cir. 2000) (quoting *Coleman v. Kaye*, 87 F.3d 1491, 1497 (3d Cir. 1996)).

The Court finds that Trooper Devlin's knowledge that the Commonwealth would provide him with legal representation to defend against allegations of professional

---

[1] Federal Rule of Evidence 404 provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). It also provides that "this evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2).

misconduct is generally relevant. It shows that Devlin knew that there would be no financial consequences for misconduct-related lawsuits. Plaintiff may use this evidence to insinuate "a disincentive to comply with the law" or that Trooper Devlin was motivated to ignore Ms. Hyman's federally protected rights.

Evidence that Trooper Devlin knew that the Commonwealth would provide him with a legal defense is also relevant to explain Trooper Devlin's statements during the repossession. While Trooper Devlin was on the scene, an individual told him that he could not assist in a civil repossession.[2] (*See* ECF No. 99 at 6.) Trooper Devlin responded by stating that they could file a complaint against him afterwards. (*Id.*)

However, evidence of other lawsuits against Trooper Devlin is inappropriate other acts evidence under Federal Rule of Evidence 404(b). If the jury learns that Trooper Devlin had been sued in the past, jurors may infer that Trooper Devlin has a propensity to commit wrongful acts in his professional capacity. Accordingly, this evidence is inadmissible under Federal Rule of Evidence 404(b).

And because any negative inference by the jury may prejudice Trooper Devlin, evidence of past lawsuits is also inadmissible because this prejudice substantially outweighs its probative value. Fed. R. Evid. 403; *see also Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992) (holding that evidence related to prior lawsuits involving the parties should be excluded under rule 403); *Leahy v. Salem*, No. 10-cv-3933, 2011 WL 13263541, at

---

[2] During the repossession, Trooper Devlin spoke on a cell phone with Ms. Hyman's law-student daughter. (*See* ECF No. 94-16.) Ms. Hyman's daughter informed Trooper Devlin that police may not enforce a civil contract or take sides in a civil dispute. (*Id.*) Trooper Devlin told her that "you can file a complaint on me later." (*Id.*)

-3-

*4 (E.D. Pa. Feb. 4, 2011) (holding that the introduction of prior lawsuits as character evidence is unfairly prejudicial under Rule 403).

Although Rule 404(b) allows evidence of other acts to show knowledge, the Court will not admit evidence of past lawsuits because there is a less prejudicial way to show Trooper Devlin's knowledge. *See Old Chief v. United States*, 519 U.S. 172, 184 (1997) (holding that the "Rule 403 'probative value' of an item of evidence . . . may be calculated by comparing evidentiary alternatives"). If Trooper Devlin denies knowledge that the Commonwealth would provide him with a legal defense, Plaintiff can impeach Trooper Devlin using his prior deposition testimony. And as discussed below, the Court will allow Plaintiff to use Pennsylvania State Police Collective Bargaining Agreements ("CBAs") to show that Trooper Devlin knew that the Commonwealth would provide legal representation in misconduct-related lawsuits.[3]

In sum, knowledge that the Commonwealth would pay for Trooper Devlin's legal defense is relevant. But evidence of other lawsuits against Trooper Devlin is inadmissible because it is improper propensity evidence and prejudicial.

## II. The Court Will Preclude Plaintiff from Introducing Evidence of Other Repossession-Related Lawsuits Against the Pennsylvania State Police

Defendant argues that evidence of prior repossession-related lawsuits against the Pennsylvania State Police is inadmissible. Defendant argues that this evidence is not relevant to whether Trooper Devlin "acted unreasonably and in derogation of the law in

---

[3] Plaintiff notes that Pennsylvania State Police CBAs can be used to show that Trooper Devlin knew the Commonwealth would defend him against misconduct allegations. (*See* ECF No. 115 at 3) ("This [collective bargaining] agreement can be offered to show that Defendant Devlin knew that his police misconduct would be defended by the Commonwealth.").)

-4-

the present instance." (ECF No. 105 at 2.) Defendant also argues that this evidence is improper other-acts evidence. *See* FED. R. EVID. 404(b).

In response, Plaintiff argues that evidence of other repossession-related lawsuits involving the Pennsylvania State Police is relevant because Defendant Devlin testified that he received annual training on court decisions involving due process of law.[4] (ECF No. 115 at 2.)

The Court finds that evidence of other repossession-related lawsuits involving the Pennsylvania State Police is inadmissible because its probative value is substantially outweighed by the danger of unfair prejudice. FED. R. EVID. 403; *Blancha*, 972 F.2d at 516 (holding that evidence related to prior lawsuits involving the parties should be excluded under Rule 403). Moreover, the Court finds that this evidence may improperly lead the jury to infer that state troopers have a propensity to unlawfully assist in civil repossessions because the State Police were sued for similar conduct in the past. *See* FED. R. EVID. 404(b).

### III. The Court Will Defer Deciding Whether to Preclude Plaintiff from Introducing Evidence of What Ms. Hyman was Told by Other Individuals or Overheard

Defendant argues that any evidence of statements made to or overheard by Ms. Hyman is inadmissible hearsay. (ECF No. 105 at 2-3.) However, Defendant's Motion does not identify specific hearsay statements that he seeks to exclude. Nor does it acknowledge or discuss hearsay exceptions or exclusions. *See* FED. R. EVID. 801(d); 803.

In response, Plaintiff points out that some hearsay statements in this case will fall

---

[4] While Trooper Devlin testified that he periodically receives updates on case law as part of his training, he did not recall receiving any case law about police involvement in civil repossessions. (ECF No. 115-1 at 8.)

within an exception or exclusion to the rule against hearsay.[5] (ECF No. 115 at 1-2.) The Court agrees. Because Defendant has not argued that any specific statements should be excluded, the Court defer ruling on this aspect of Defendant's Motion. Instead, the Court will rule on hearsay objections at trial.

IV. **The Court Will Not Preclude Plaintiff from Introducing Evidence of or Information Related to Pennsylvania State Police Collective Bargaining Agreements**

In his Motion, Defendant argues that Plaintiff should not be permitted to introduce evidence of Pennsylvania State Police CBAs because the CBAs are irrelevant to the issues in this case and likely to confuse the jury. (ECF No. 105 at 3.)

In response, Plaintiff argues that the State Police CBAs are relevant to her punitive-damages claim. The CBAs provide that the Commonwealth will provide legal counsel to defend any alleged misconduct by police-union members. (ECF No. 115 at 3.) Plaintiff argues that this provision in the CBAs shows that Defendant Devlin was indifferent to Ms. Hyman's rights because he knew that his misconduct would be defended by the Commonwealth. (*Id.*)

To prove her claim for punitive damages, Plaintiff must show that "defendant's conduct . . . involves reckless or callous indifference to the federally protected rights of others." *Allah* 226 F.3d at 251-52 (quoting *Coleman*, 87 F.3d at 1497).

---

[5] The Court finds that it is overwhelmingly likely that some hearsay statements introduced in this case will be admissible because they are the statement of a party opponent. *See* Fed. R. Evid. 802(d)(2). Moreover, it seems likely that other hearsay statements will be admissible to show that Trooper Devlin was on notice that he arrived at a civil repossession. *See In re Tylenol (Acetoaminophen) Mktg., Sales Practices & Prod. Liab. Litig.*, 181 F. Supp. 3d 278, 286, 293 (E.D. Pa. 2016). This evidence would also be admissible to show Trooper Devlin's state of mind.

-6-

The Court finds that evidence of the CBAs is relevant to Plaintiff's punitive-damages claim.[6] The provision in the CBAs on legal defense indicates that Trooper Devlin knew that the Commonwealth would provide a defense to a misconduct-related lawsuit. This is relevant to Plaintiff's punitive-damages claim because it may show "a disincentive to comply with the law" or that Trooper Devlin was motivated to ignore Ms. Hyman's federally protected rights. Accordingly, the Court will admit evidence of the Pennsylvania State Police CBAs.

V. **Conclusion**

For the reasons stated above, Defendant's Motion *in Limine* to Preclude Hearsay, Speculation, and Irrelevant Evidence (ECF No. 104) is **GRANTED IN PART** and **DENIED IN PART.**

A corresponding order follows.

---

[6] Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence, and (b) the fact is of consequence in determining the action." FED. R. EVID. 401.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ANGELA HYMAN, | ) | CIVIL ACTION NO. 3:17-89 |
|---|---|---|
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| CAPITAL ONE AUTO FINANCE, COMMONWEALTH RECOVERY GROUP, INC., PENNSYLVANIA STATE POLICE, COL. TYREE C. BLOCKER, MICHAEL MORRIS, BRYAN DEVLIN, JOHN DOE TROOPERS 1-10., | ) | |
| Defendants. | ) | |

### ORDER

AND NOW, this 17th day of January, 2019, upon consideration of Defendant's Motion *in Limine* to Preclude Hearsay, Speculation, and Irrelevant Evidence (ECF No. 104), **IT IS HEREBY ORDERED THAT** the Motion is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that:

(1) Evidence of other lawsuits against Trooper Devlin is **inadmissible**;

(2) Evidence of other repossession-related lawsuits involving the Pennsylvania State Police is **inadmissible**;

(3) The Court will defer ruling on the admissibility of evidence of what Ms. Hyman overheard or was told by other people until trial; and

(4) Evidence of Pennsylvania State Police Collective Bargaining Agreements is **admissible**.

BY THE COURT:

*/s/ Kim R. Gibson*

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE