IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELA HYMAN | : | |
|     Plaintiff | : | CIVIL ACTION |
| v. | : | |
| | : | No. 3:17-cv-00089-KRG |
| BRYAN DEVLIN, | : | |
|     Defendant | : | |

## PLAINTIFF'S PROPOSED POINTS FOR CHARGE

Plaintiff Angela Hyman, through counsel of record, submits the following proposed points for charge. Plaintiff respectfully reserves the right to supplement or modify these instructions as may be required by events at trial or rulings by this Court.

PRE-CHARGES

**PRE-CHARGE 1**: Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

Third Circuit Model Instruction 1.1

**PRE-CHARGE 2**: In this case, Angela Hyman claims that Bryan Devlin, a state police officer, violated her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution by affirmatively aiding and/or playing a principal or active role in the repossession of Ms. Hyman's vehicle. Corporal Devlin claims he was called to a breach of the peace and denies any wrongdoing.

Third Circuit Model Instruction 1.2

**PRE-CHARGE 3**: In October 2016, it was clearly established in [Pennsylvania] that a police officer violates the Fourth and Fourteenth Amendments when he affirmatively aids in a private repossession.

*Hyman v. Morris*, 320 F.Supp.3d 707, 720 (W.D. Pa. 2018).

# EXPLANATORY CHARGE (DURING TRIAL)

## Deposition Testimony

**EXPLANATORY CHARGE 1**: Testimony will now be presented to you in the form of a video deposition. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter and videographer are present and records the questions and answers. The deposition testimony of Angela Hyman's wife, Shyree Johnson, was electronically videotaped and that recording now will be played for you. You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person.

Third Circuit Model Instruction 2.5

# POINTS FOR CHARGE

## Nature of this Case

**INSTRUCTION 1**: Angela Hyman is suing Bryan Devlin under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law.

Third Circuit Model Instruction 4.1

Burden of Proof

**INSTRUCTION 2**: This is a civil case. Angela Hyman is the party who brought this lawsuit. Bryan Devlin is the party against whom the lawsuit was filed. Ms. Hyman has the burden of proving her case by what is called the preponderance of the evidence. That means Ms. Hyman has to prove to you, in light of all the evidence, that what she claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Angela Hyman and the evidence favorable to Bryan Devlin on opposite sides of the scales, Ms. Hyman would have to make the scales tip somewhat on her side to win your verdict. If Ms. Hyman fails to meet this burden, the verdict must be for Mr. Devlin. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

<u>Third Circuit Model Instruction 1.10</u>

Credibility

**INSTRUCTION 3:** In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

    (1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

    (2) the quality of the witness's understanding and memory;

    (3) the witness's manner while testifying;

    (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

    (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

    (6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

    (7) any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

Third Circuit Model Instruction 1.7

**INSTRUCTION 4:** In this case you have heard the testimony of police officers. The testimony of a witness should not be believed solely and simply because the witness is a police officer. At the same time, a witness's testimony should not be disbelieved solely and simply because the witness is a police officer. You must evaluate a police officer's testimony in the same way you would evaluate the testimony of any other witness.

Third Circuit Model Criminal Instruction 4.18; United States v. Bethancourt, 65 F.3d 1074, 1080 n.3 (3d Cir. 1995)

Civil Rights Claims

**INSTRUCTION 5**: In order to win her claims under Section 1983, the civil rights law, Angela Hyman must prove both of the following elements by a preponderance of the evidence:

    First: Bryan Devlin acted under color of state law.

    Second: While acting under color of state law, Mr. Devlin deprived Ms. Hyman of her federal constitutional rights.

I will now give you more details on action under color of state law, after which I will tell you the elements Ms. Hyman must prove to establish the violation of her federal constitutional rights.

<u>Third Circuit Model Instruction 4.3</u>

**INSTRUCTION 6:** Because Bryan Devlin was an on-duty Pennsylvania State Trooper at the relevant time, I instruct you that he was acting under color of state law. In other words, this element of Ms. Hyman's claim is not in dispute, and you must find that this element has been established.

Third Circuit Model Instruction 4.4.1

**INSTRUCTION 7:** The second element of Angela Hyman's claim is that Bryan Devlin deprived her of federal constitutional rights. Ms. Hyman alleges claims arising under the Fourth and Fourteenth Amendments to the U.S. Constitution.

First, "The Fourth Amendment... provides in pertinent part that the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated....' ".

"In order to establish a claim under the Fourth Amendment, [Ms. Hyman] must show that the actions of Mr. Devlin during the repossession:

(1) constituted a 'search' or 'seizure;' and

(2) were unreasonable in light of the circumstances."

I instruct you that Angela Hyman retained a sufficient possessory interest in her property – her Toyota Corola car – to maintain her constitutional claims, even though it was alleged she was behind on her car loan payments.

You must determine whether "'there is some meaningful interference with [her] interests in that property.'" "When analyzing whether such an interference occurred, it is of no import that the officers did not take custody of plaintiff's property as long as the officers participated in the seizure."

ECF 120; Hyman v. Morris, 320 F.Supp.3d 707, 714–15 (W.D. Pa. 2018) (citations omitted); Soldal v. Cook Cty., Ill., 506 U.S. 56, 61, 113 S.Ct. 538, 543, 121 L.Ed.2d 450 (1992)

**INSTRUCTION 8:** "The [F]ourteenth [A]mendment prohibits state deprivations of ... property without due process of law." "[T]he core of procedural due process jurisprudence is the right to advance notice ... and to a meaningful opportunity to be heard." It is "well established that possessory interests in property invoke procedural due process protections."

Hyman v. Morris, 320 F.Supp.3d 707, 715 (W.D. Pa. 2018) (citations omitted); Robb v. City of Philadelphia, 733 F.2d 286, 292 (3d Cir. 1984); Abbott v. Latshaw, 164 F.3d 141, 146 (3d Cir. 1998)

**INSTRUCTION 9**: In the context of a private repossession, the test for whether a police officer violates the Fourteenth Amendment is "whether the officer maintains neutrality or takes an active role in the repossession resulting in an unconstitutional deprivation."

The relevant inquiry "is whether an officer affirmatively aided a repossession such that he can be said to have caused the constitutional deprivation." This aid "may take the form of: facilitation, encouragement, direction, compulsion, or other affirmative assistance in the repossession."

By contrast, "[t]he mere presence of police at the scene of a private repossession does not, alone, constitute state action" in violation of the Fourteenth Amendment. Rather, "liability will only attach when an officer plays a 'principal role' in the seizure."

"The distinction between maintaining neutrality and taking an active role is not to be answered in the abstract. There is no precise formula, and the distinction lies in the particular facts and circumstances of the case." Thus, "[t]o determine whether a police officer acted under the color of state law, the facts and circumstances of the police officer's role in the private repossession must be examined in their totality."

Hyman v. Morris, 320 F.Supp.3d 707, 716 (W.D. Pa. 2018) (citations omitted); Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609-10 (3d Cir. 2011)

**INSTRUCTION 10**: In October 2016, it was clearly established in [Pennsylvania] that a police officer violates the Fourth and Fourteenth Amendments when he affirmatively aids in a private repossession.

*Hyman v. Morris*, 320 F.Supp.3d 707, 720 (W.D. Pa. 2018).

**INSTRUCTION 11:** In summary, police officers, as officials of the state, are prohibited from affirmatively intervening to aid a private repossession. To do so is a violation of the U.S. Constitution.

A police officer's presence at the scene of a self-help repossession does not amount to state action in violation of the Fourteenth Amendment if the officer's role and purpose is to merely keep the peace and stand by in case of trouble. There is no constitutional violation if the officer merely keeps the peace and does not affirmatively intervene to aid the repossession.

Taking into account the totality of the circumstances, when an officer's involvement on the scene of a self-help repossession amounts to affirmatively intervening to aid the repossession such that a lawful repossession would not have occurred without the officer's assistance, the officer's conduct amounts to state action in violation of the Fourteenth Amendment.

Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 610 (3d Cir. 2011); Marcus v. McCollum, 394 F.3d 813, 819 (10th Cir.2004)

## Compensatory Damages

**INSTRUCTION 12**: If you find in favor of Angela Hyman and against Bryan Devlin, you must award Ms. Hyman an amount of money that will fairly compensate her for any harm she sustained as a direct result of the violation of her constitutional rights.

Ms. Hyman must show that the injury would not have occurred without Devlin's actions in violation of her civil rights. Ms. Hyman must also show that Mr. Devlin's actions played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of Devlin's actions.

Plaintiff claims the following types of damages:

- Emotional and mental harm to Ms. Hyman during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that she is reasonably certain to experience in the future.

- The reasonable value of each day she was deprived of the use of her car.

- Out of pocket losses.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

<u>Third Circuit Model Instruction 4.8.1</u>

**INSTRUCTION 13**: The fact that a plaintiff such as Angela Hyman may be unusually emotionally sensitive and incur great emotional harm from allegedly improper police conduct will not absolve Bryan Devlin from responsibility for the greater emotional harm. Mr. Devlin can be liable for the full extent of Angela Hyman's pain and suffering, regardless of whether it was exacerbated by Ms. Hyman's emotional fragility. A defendant takes the plaintiff as it finds her. In some cases, unusual sensitivity will enhance the damage award; in other cases, unusual hardiness will reduce it. The damage to be awarded must compensate the plaintiff and lead the defendant to take account of the full consequences of their act.

Hare v. H & R Indus., Inc., 2002 WL 777956, at *2 (E.D. Pa. Apr. 29, 2002), aff'd 67 Fed.Appx. 114 (3d Cir. 2003); Petro v. Town of W. Warwick ex rel. Moore, 889 F.Supp.2d 292, 345 (D.R.I. 2012)

## Punitive Damages

**INSTRUCTION 14:** In addition to compensatory or nominal damages, you may consider awarding Angela Hyman punitive damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future.

To prove her claim for punitive damages, Angela Hyman must show by a preponderance of the evidence that Bryan Devlin's "conduct ... involves reckless or callous indifference to the federally protected rights of others."

If you have found that Mr. Devlin acted in reckless or callous indifference to Ms. Hyman's federal rights, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or wanton violation of the plaintiff's federal rights, or to deter the defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish Mr. Devlin. You should also consider whether actual damages standing alone are sufficient to deter or prevent Devlin from again performing any wrongful acts he may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those Mr. Devlin may have committed.

ECF 104; Third Circuit Model Instruction 4.8.3; Allah v. Al-Hafeez, 226 F.3d 247, 251-52 (3d Cir. 2000)

Respectfully submitted:

Dated: 1/22/2019

*/s/ Andrew M. Milz*
Andrew M. Milz, Esquire
**FLITTER MILZ, P.C.**
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0782
amilz@consumerslaw.com
*Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to:

J. Eric Barchiesi, Esquire
Deputy Attorney General
**OFFICE OF ATTORNEY GENERAL**
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219
(412) 565-3573
jbarchiesi@attorneygeneral.gov
*Attorney for Defendant*


Date: 1/22/2019                                          */s/ Andrew M. Milz*
                                                        ANDREW M. MILZ, ESQUIRE
                                                        Attorney for Plaintiff