# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ANGELA HYMAN, | ) | CIVIL ACTION NO. 3:17-89 |
|---|---|---|
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| BRYAN DEVLIN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

**AND NOW**, this **10th** day of June, 2019, upon consideration of Plaintiff's Motion for Reconsideration of Order Reducing Punitive Damages Award (ECF No. 162), **IT IS HEREBY ORDERED** that the Motion is **DENIED**.

### I. Background

This civil action arose from a Pennsylvania State Police Trooper's intervention in the civil repossession of an automobile in Nanty Glo, Pennsylvania. (*See* ECF No. 99.) The case proceeded to a jury trial on January 29, 2019. (*See* ECF No. 140.) On February 1, 2019, the jury returned a verdict in Plaintiff's favor, awarding her $5,000 in compensatory damages and $500,000 in punitive damages. (ECF No. 143.)

On May 28, 2019, the Court granted Defendant's post-trial motion (ECF No. 148) and reduced the jury's punitive damages award to $30,000. (ECF No. 161.) The Court found that the jury's punitive-damages award was unconstitutionally excessive. (*Id.* at 40-44.) In the instant Motion, Plaintiff requests that the Court reinstate the jury's $500,000 punitive-damages award.

## II. Standard of Review

Under Rule 59(e) of the Federal Rules of Civil Procedure, a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).

"A motion for reconsideration is a limited vehicle used 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Jackson v. City of Phila.*, 535 F. App'x 64, 69 (3d Cir. 2013) (quoting *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014) (quoting *Max's Seafood Café*, 176 F.3d at 677) (internal quotation marks omitted).

"Motions for reconsideration are not designed to provide litigants with a 'second bite at the apple.'" *Cole's Wexford Hotel, Inc. v. UPMC & Highmark Inc.*, No. CV 10-1609, 2017 WL 432947, at *2 (W.D. Pa. Feb. 1, 2017) (quoting *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)). "A motion for reconsideration is not to be used to relitigate, or 'rehash,' issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made." *Cole's Wexford Hotel*, 2017 WL 432947, at *2 (citing *Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998)). "By reason of the

interest in finality, at least at the district court level, motions for reconsideration should be sparingly granted." *Cole's Wexford Hotel*, 2017 WL 432947, at *1.

### III. Discussion

In her Motion for Reconsideration, Plaintiff argues that the Court must reinstate the jury's punitive-damages award because the Court relied on an improper ratio of punitive damages to compensatory damages. (ECF No. 162 at 1-2.) The Court acknowledges that it improperly stated that the ratio in this case was 500:1, when the ratio was actually 100:1. (*See* ECF No. 161 at 43.) However, this was a typographical error. The Court was obviously aware of the jury's verdict and that the ratio of punitive damages to compensatory damages was 100:1 in this case. The Court reiterates its finding that the jury did not have a basis to award $5,000 in compensatory damages and $500,000 in punitive damages. On its face, the jury's punitive-damages award violated the Due Process Clause because it was arbitrary and excessive. Therefore, the Court will not reinstate the jury's punitive-damages award.

Moreover, Trooper Devlin's conduct was not reprehensible enough to justify a 100:1 ratio of punitive damages. Plaintiff argues that the jury's punitive-damages award comports with due process because Trooper Devlin's conduct was particularly reprehensible. (ECF No. 162 at 2-3.) Plaintiff claims that, in reducing the punitive-damages award, the Court overlooked the potential harm that could have resulted from Trooper Devlin's conduct and his misrepresentations after the repossession. (*Id.*) However, in reducing the punitive-damages award, the Court acknowledged that Devlin's conduct could have resulted in physical harm. (ECF No. 161 at 40-41.) The Court stands by its conclusion that the potential physical harm in this case does not justify more than $30,000

-3-

in punitive damages. Further, Devlin's alleged misrepresentations *after* the repossession do not alter the Court's analysis.

Therefore, the Court affirms that Plaintiff is entitled to $30,000 in punitive damages.

**IV.** **Conclusion**

**AND NOW**, this 10th day of June, 2019, for the reasons stated in this Memorandum Order, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration of Order Reducing Punitive Damages Award (ECF No. 162) is **DENIED**.

BY THE COURT:

*/s/ Kim R. Gibson*

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**